Mojica, Respondent, *v.* González, Appellant.

Appeal from the District Court of San Juan, Section 1.

No. 849.—Decided March 27, 1913.

Damages—Right of Action—Ejectment.—The plaintiff bought from the heirs of Juan Barreto Petana 29.52 *cuerdas* of land which was a part of a tract of 32 *cuerdas* which the defendant held under a possessory title recorded in the registry of property. The said defendant had signed a document obligating himself to execute to the said heirs a deed of sale to the property as soon as he had obtained a dominion title thereto, but instead of doing so he sold the property to one Juan Delgado. Although this property, according to the complaint, was in the possession of the defendant it belonged to Juan Barreto Petana. The plaintiff, as the purchaser of the portion of the property above mentioned, seeks to recover certain damages from the defendant on account of the latter's having conveyed the same to Delgado. *Held:* That the complaint in this case does not state facts sufficient to constitute a

cause of action, because it is seen from the complaint itself that the title remained in Juan Barreto Petana or his heirs, and the heirs as such would always have the right to recover the property, which right excludes the right to an action for damages; furthermore, even supposing that the heirs have a cause of action for damages against the defendant, the transfer made by them to the plaintiff was of their share in the property, but not their right of action to recover damages from the defendant.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellant.

*Messrs. H. H. Scoville* and *Luis Méndez Vaz* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

To the complaint in this case the defendant demurred and the demurrer was overruled. Thereupon the defendant answered virtually admitting the facts of the complaint, but setting up new matter in avoidance of the obligation alleged. The controversy at the trial raged over the paper-writing offered by the complainant wherein the defendant acknowledged that he was in possession of 32 acres of the lands of the Succession of Juan Barreto Petana by virtue of title of possession, but that he, the said defendant, would convey the same to the said succession as soon as he obtained a dominion title. He did not do so but conveyed the property to Juan Delgado to the damage of the complainant, as it was alleged. The defendant asserted and offered reputable witnesses to prove that the paper-writing was obtained from him fraudulently, inasmuch as he was really entitled to the lands in question or their equivalent by reason of the dealings he had had with Juan Barreto Petana, the father of the said grantors, to whom the said defendant had conveyed the land in question and for which the said defendant had never been paid and that the said father on his death-bed had requested his sons to make good to said defendant; that he took possession of the land with the knowledge and consent of said sons or some of them and subsequently, at their earnest insistence and request, agreed to sell the land to them and signed an agreement to that effect; that subsequently the

said sons came to him and represented that the said agreement had been lost and asked him to sign another paper that they handed him, representing that the one they produced was identical with the one previously signed; that he, the said defendant, being a priest, was at the time busy issuing various certificates (of birth and the like) and signed the paper without reading it.

The complainant here is a purchaser of the shares of the said Succession of Juan Barreto Petana.

The court after a careful analysis of the proof found damages in favor of the complainant in the sum of $1,843, largely because of a conflict in the evidence and because of the principle that everyone who signs a contract must be presumed to do it knowingly and that this writing was so very short (containing less than a sheet of paper) that it would have only needed a glance of the defendant to have taken in its contents, and because there were incongruities in the defendant's testimony.

In this court, too, the principal contention has been over the proof, although the appellant has not failed to allege error in the action of the court in overruling the demurrer. Let us consider the complaint.

The complainant, Eusebio Mojica, is there shown to be a resident of Trujillo Bajo and narrates that Juan Barreto Petana died intestate on January 30, 1892, leaving to his widow and thirteen children 32 acres of land in the jurisdiction of Carolina; that some of the children died and their mother became possessed of their shares, and that one of the other children died leaving his share to children and grandchildren; that the defendant on October 13, 1892, unjustly and illegally took possession of the 32 acres, knowing perfectly well that he had no right or title to such land, and obtained a possessory title and included said land with another strip of equal acreage belonging to him and describing the whole as a piece of land of 64 acres; that after the defendant had obtained such possessory

title on October 7, 1901, he executed to the Succession of Juan Barreto Petana a document wherein he admitted that of the land contained in the 64 acres for which he had obtained a possessory title and which had been recorded in his name in the registry of property the 32 acres theretofore described in the complaint belonged to the Succession of Juan Barreto Petana and not to the defendant, undertaking in said writing to transfer said 32 acres to the said succession as soon as he had obtained a dominion title; that later the complainant obtained by purchase from the various members of such Succession of Juan Barreto Petana 29.52 of the said 32 acres of land which belonged to said succession; that in spite of the various demands that had been made on the defendant since he acquired such 29.52 acres of the lands of the said heirs the defendant has refused to make a deed of such land in accordance with his understanding or to deliver the possession of the same to the heirs of Barreto Petana or to the complainant; and that in spite of the existence of such contract the defendant has sold the land in question to Juan Delgado executing the appropriate title, causing thereby damages to the complainant in the sum of $2,000, value of the property, and $1,500 for the rents and benefits of such property from October 7, 1901.

The appellant in his brief admits that the complainant would be stating a good cause of action if he were suing in reivindication, but that because he did not bring such cause of action an action for damages, which is subsidiary, would not lie. The appellee on the other hand contends that when González Lajo failed on demand to convey the land to the complainant in accordance with the contract but conveyed it to another, the said defendant became answerable in damages.

If this were an action by the heirs of Juan Barreto Petana, what would be their rights as against the defendant? The complaint alleged that the title was in their ancestor and

descended to them. It was not alleged that a good outstanding title arose in the defendant other than. the possessory one. The appellee does not maintain even that the defendant obtained a dominion title and subsequently conveyed to Juan Delgado, but only that such defendant obtained a possessory title and recorded it in the registry of property; so as against the defendant, González Lajo, the heirs, until the transfer to Juan Delgado, always had a good action in reivindication or otherwise, because it is well settled that a possessory title will not hold good as against one with a better right or the real owner. Article 394 of the Mortgage Law and Commentaries thereto.

González Lajo recorded his possessory title in the registry and sold the land to Juan Delgado. The latter could acquire no more rights than his predecessor in title possessed. So that if González Lajo did not have the dominion of the property neither did Delgado. The legal situation was not improved by the sale to Delgado. His title continued to be possessory and would so continue until converted into a dominion title, a fact not appearing from the complaint. Hence the heirs of Juan Barreto Petana, but for their conveyance to Eusebio Mojica, would have a complete action of reivindication against Juan Delgado.

What rights of action arose in the heirs by reason of the promise of González Lajo? As we have seen, the complaint proceeds on the theory that the heirs obtained a title to the land from their father. Having already the complete title, as asserted in the complaint, the conveyance by González Lajo could give them no more. They were not injured, if the complaint be followed, by the failure of González Lajo to convey, and hence no action arose. They originally had a cause of action against the appellant in revindication and afterwards they had it against the grantee of González Lajo. They would have been in no better position if González Lajo had. conveyed the land to them and retained the possession.

By his contract he only bound himself to convey the title or so much of it as he had.

There is much more reason for finding a lack of a cause of action in Eusebio Mojica. There was no privity of relation between him and González Lajo. The appellee, according to the complaint, merely acquired 29.52 parts of the 32 acres which belonged to the Succession of Juan Barreto Petana. He bought land of them and he did not buy their rights of action against González Lajo, if any they had. The appellee bought when it already appeared from the registry that the land had been conveyed to Juan Delgado. The injury, if any, had already been perpetrated against the succession, and if they sold him something to which he had no title, his action is against them. If they had the title he would still have a cause of action against Juan Delgado, who, as we have seen, derived no title as against the heirs of Juan Barreto Petana.

No averment is made anywhere that a title by ordinary prescription has arisen in Juan Delgado thus preventing complainant from recovering the land, nor could such averment be made because, according to the complaint, the possession of González Lajo is fraudulent, and no claim is made that Juan Delgado has held for 10 years.

The complaint is defective in any event because it fails to show any duty or obligation on the part of the appellant to the appellee or that he succeeded to the rights of any of the heirs of Juan Barreto Petana.

The judgment must be reversed and judgment entered for the defendant without any special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justice Aldrey concurred.

Mr. Justice MacLeary dissented.

Mr. Justice del Toro signed stating that he concurred in the judgment but not in all of the reasonings of the opinion.

A rehearing was denied on June 28, 1913.